IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deborah S. M.,[1] | ) | C/A No.: 1:22-740-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This is an appeal from a denial of social security benefits. Under Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

    Plaintiff filed a complaint against the Commissioner in the District of Connecticut on June 30, 2021. [ECF No. 1]. She also filed a motion to reinstate the claim to the court's docket, arguing the Commissioner failed to comply with the court's prior remand order. [ECF No. 2]. The court immediately issued a scheduling order, giving the Commissioner 60 days to file: (1) a dispositive motion; or (2) a copy of the certified administrative record, which would be deemed an answer to Plaintiff's complaint. On August 24, 2021, the Commissioner filed a motion to transfer the case to the District of South Carolina, noting Plaintiff alleged in her complaint that she resided in Gaffney, South Carolina. [ECF No. 9]. Plaintiff filed a memorandum opposing the motion and arguing it would cause her undue hardship if the case were transferred. On January 18, 2022, the Honorable Jeffrey Alker Meyer, United States District Judge, issued an order denying Plaintiff's motion to reinstate and granting the Commissioner's motion to transfer the case to another district. [ECF No. 12]. He ordered the Clerk of Court to

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

transfer the action to the District of South Carolina. *Id.* The case was transferred to this court on March 7, 2022. [ECF No. 13].

TO DEFENDANT:

Defendant is directed to file an answer/certified administrative record by May 10, 2022.[2]

TO PLAINTIFF:

Plaintiff's counsel is not a member of the bar of this court. Pursuant to Local Civ. R. 83.I.04 (D.S.C.), "[l]itigants in civil and criminal actions, except for parties appearing *pro se*, must be represented by at least one member of the bar of this court who shall sign each pleading, motion, discovery procedure, or other document served or filed by this court."

Counsel is directed to notify the court of Plaintiff's representation status by March 22, 2022. Plaintiff's counsel may seek special admission by associating an attorney admitted to practice before this court, in accordance with the procedures set forth in Local Civ. R. 83.I.05 (D.S.C.). In the alternative, new counsel, who is a member of the bar of this court, may enter an appearance. If Plaintiff's counsel does not intend to seek special admission and new counsel is not retained by March 22, 2022, Plaintiff's counsel shall file a motion in accordance with Local Civ. R. 83.I.07(B) (D.S.C.).[3] The 30-day deadline for filing Plaintiff's brief will not begin to run until her status of counsel is resolved.

---

[2] Local Civ. R. 83.VII.03 (D.S.C.) provides an additional 60 days beyond the time otherwise allowed by law for the filing of an answer. The undersigned notes the Commissioner was initially served with the complaint on June 30, 2021, and received notice of the transfer of the action on January 18, 2022. Given the age of this case, the Commissioner should reasonably be able to obtain a copy of the certified administrative record within 60 days.

[3] Although Local Civ. R. 83.I.07(B) (D.S.C.), addresses withdrawal of appearance and Plaintiff's counsel is not presently permitted to appear, the procedures set forth in the rule should be followed to provide Plaintiff adequate notice.

IT IS SO ORDERED.

March 8, 2022                                   Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge